UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWIN D. WOOD, II,<br><br>  Petitioner,<br><br> v.<br><br>Warden CAROL HOLINKA,<br>Regional Director G.L. HERSHBERGER,<br>and Director HARLEY G. LAPPIN,<br><br>  Respondents. | Civil No. 05-129 (DSD/JSM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2241.  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).  For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

Petitioner filed his habeas corpus petition, along with various supporting documents, on January 21, 2005.  The petition and accompanying submissions presented various claims pertaining to petitioner's incarceration by the federal Bureau of Prisons.  It was readily apparent to the Court, however, that petitioner was not actually challenging the fact or duration of his confinement, but rather, he was challenging the <u>conditions</u> of his confinement.  Because habeas corpus is not an appropriate remedy for a prisoner's "conditions of confinement" claims, the original petition was summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.  (<u>See</u> Order dated February 4, 2005; [Docket No. 4].)

Petitioner was granted leave to file an amended pleading, to be prepared and submitted as a non-habeas civil rights complaint. He was also directed to pay the filing fee for a non-habeas civil action, or else apply for leave to proceed in forma pauperis, ("IFP"), and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). The Court's Order expressly advised petitioner that if he did not file an amended pleading, and pay his filing fee, (or satisfy the requirements for proceeding IFP), by March 10, 2005, he would be deemed to have abandoned this action, and it would be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

Thereafter, petitioner filed a motion asking that the deadline for filing an amended pleading be extended to March 31, 2005. (Docket No. 6.) That request was granted by Order dated March 7, 2005. (Docket No. 7.) That Order also expressly reiterated that if petitioner did not fully comply with all of the requirements of the prior order, (i.e., the Order dated February 4, 2005), by the extended deadline of March 31, 2005, the Court would thereafter recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The extended deadline for complying with the Court's prior orders has now expired, and petitioner still has not filed a civil complaint, as required by those orders. (In addition, although petitioner has filed an IFP application, he has not paid the initial partial filing fee, as required by the prior orders.) Therefore, it is now recommended, in accordance with the Court's prior orders, that petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

2

Finally, the Court notes that petitioner has filed two applications for collateral relief in this case – i.e., a motion for preliminary injunction and temporary restraining order, (Docket No. 8), and an application seeking leave to proceed in forma pauperis, (Docket No. 11). Based on the Court's determination that this action should be dismissed for failure to prosecute, it will be recommended that those collateral applications be summarily denied.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for preliminary injunction and temporary restraining order, (Docket No. 8), and application for leave to proceed in forma pauperis, (Docket No. 11), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:     April 14, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 2, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.