UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-129(DSD/JSM)

Edwin D. Wood, II,

    Petitioner,

v.                                    **ORDER**

Warden Carol Holinka,
Regional Director G.L.
Hershberger, Director
Harley G. Lappin,

    Respondents.

    This matter is before the court upon petitioner's objection to the report and recommendation of United States Magistrate Judge Janie S. Mayeron, dated April 1, 2005. In her report, the magistrate judge concluded that this action should be dismissed without prejudice.

**BACKGROUND**

    On January 21, 2005, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 4, 2005, the magistrate judge issued an order observing that the petition was inappropriate because petitioner did not seek to challenge the fact or duration of his confinement but, rather, the conditions of his confinement. The magistrate judge therefore granted petitioner "leave to file an <u>entirely new</u> pleading to be entitled 'Civil Complaint.'" (Order of Feb. 4, 2005 at 3-4.) The magistrate judge

directed petitioner to submit his complaint on the form prescribed for civil rights actions filed in this district. The magistrate judge referred petitioner to the rules of pleading in the Federal Rules of Civil Procedure. The magistrate judge specifically informed petitioner that it would recommend dismissal of the matter should he fail to comply with her order. The magistrate judge set a deadline for petitioner's compliance of March 10, 2005, and extended the deadline to March 31, 2005, upon petitioner's motion. Petitioner later filed a motion for preliminary injunctive relief, but never did file a complaint. In view of petitioner's failure to comply with her order, the magistrate judge recommended on April 15, 2005, that this action be dismissed without prejudice.

## DISCUSSION

The court reviews the reports and recommendations of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C). "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. When the magistrate judge determined that petitioner was not entitled to habeas relief, it was entirely appropriate for her to require petitioner to file a proper civil complaint. The magistrate judge went out of her way to set forth for petitioner exactly what the court expected of him, prescribing the forms to be used and the rules to be followed. Petitioner, however, chose not to comply with the court's instructions. The magistrate judge's

report and recommendation was the inevitable result of petitioner's choice.

Petitioner now objects to the magistrate judge's report and recommendation, suggesting that the court may construe his motion for a preliminary injunction and supporting materials as his complaint. The court rejects petitioner's suggestion. The order of the magistrate judge was clear and unequivocal and gave petitioner explicit guidance as to how the court expected him to proceed. Petitioner offers no reason why the order was inappropriate or why his failure to comply with it ought be excused. Petitioner's objection only continues and compounds his defiance of the order, as plaintiff offers no suggestion that he ever intends to comply with its terms. For those reasons, petitioner's objection is overruled.

Therefore, the court adopts the report and recommendation of the magistrate judge in its entirety. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for preliminary injunction and temporary restraining order [Doc. No. 8] and application for leave to proceed in forma pauperis [Doc. No. 11] is denied.

2. Petitioner's motion "requesting to consider an amended complaint" [Doc. No. 16] is denied.

   3.   Petitioner's motion to appoint counsel [Doc. No. 17] is denied as moot.

   4.   The action is dismissed without prejudice.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 26, 2005

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court